IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

MANUEL BRANCH, JR.,            )   KNOX CIRCUIT
                               )   C. A. NO. 03A01-9709-CV-00385
          Plaintiff-Appellant  )
                               )
                               )
                               )
                               )
                               )
vs.                            )   HON. DALE WORKMAN
                               )   JUDGE
                               )
                               )
                               )
                               )
                               )
RODNEY McCROSKEY and GOVERNOR  )   AFFIRMED AND REMANDED
JOHN SEVIER MEMORIAL           )
ASSOCIATION,                   )
                               )
          Defendants-Appellees )

ROBERT L. OGLE, JR., Ogle & Wallace, P.C., Sevierville, for
Appellant.

BRIAN H. TRAMMEL, Kennerly, Montgomery & Finley, P.C., Knoxville,
for Appellees.

O P I N I O N

McMurray, J.

In this action, the appellant (plaintiff) sought a recovery for damages sustained to his pickup truck, lost earnings and related expenses caused by a collision between his vehicle and a horse belonging to the defendant, Rodney McCroskey. The accident occurred in the plaintiff's lane of travel on a public road, generally referred to as the Governor John Sevier Highway. The defendant, Rodney McCroskey, filed a cross-claim against the defendant, Governor John Sevier Memorial Association. He, however, was permitted to take a voluntary non-suit. The case was tried before a jury and resulted in a verdict for the appellees (defendants) in the original action. Judgment for the defendants was duly entered on the verdict. The plaintiff filed a motion for a judgment notwithstanding the verdict (JNOV) or in the alternative for a new trial. The motion was overruled and this appeal resulted. We affirm the judgment of the trial court.

For his cause of action, the plaintiff alleged that at about 5:30 a.m., he was traveling in his pickup truck on Governor John Sevier Highway when he struck a horse, which was in his lane of travel, resulting in damages to his vehicle. He asserted that the horse was owned by the defendant, Rodney McCroskey and that the

2

horse had been taken to the Governor John Sevier Association's corral for the purpose of allowing the association to display the horse along with another horse. He claims that the defendants were negligent in placing the horses in a corral which consisted of a two rail wooden fence and that the fence was in violation of the "fence law of the State of Tennessee as contained in T.C.A. § 44-8-101, et seq." He further charged negligence, claiming that McCroskey knew or should have known that the corral and fence enclosure in which he placed the horses was grossly inadequate and could not reasonably be expected to hold the horses; and that further he knew or should have known that he was in violation of the fence law. As to the defendant, Governor John Sevier Memorial Association, he alleged that the defendant, as lessee of the property on which the corral was located, assumed responsibility in housing the horses and knew or should have known that the corral was not reasonably adequate to maintain the horses.

From the adverse judgment, the plaintiff perfected his appeal to this court. On appeal, the plaintiff claims that the court erred in failing to enter a JNOV pursuant to Rule 50, Tennessee Rules of Civil Procedure; for failure to direct a verdict at the conclusion of all the proof; there was no material evidence to support the judgment in favor of the defendants and that the court erred in not permitting plaintiff's counsel from cross examining the defendant, McCroskey, concerning the allegations of negligence

3

against his co-defendant in his cross-claim.  He further charges the court with error in reprimanding plaintiff's counsel during final argument for stating that the plaintiff had no collision insurance.  Additionally, he claims that the court should have given his special request for a jury instruction regarding T.C.A. § 44-8-103, et seq.

Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the verdict. T.R.A.P. 13(d).  Thus, absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict.  Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988).

Most of the issues are interrelated and we will discuss them together.  Both a directed verdict or a JNOV are subject to the same analysis.[1]  In deciding whether to grant a directed verdict or a JNOV, the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party and discard all countervailing evidence.  See Eaton v. McLain, 891 S.W.2d 587 (Tenn. 1994).

---

[1]The record does not reflect that a motion for a directed verdict was ever made during the trial.

4

To receive the benefit of a directed verdict in his favor, a plaintiff must first make out a _prima facie_ case. Therefore, it is incumbent upon us to first determine whether the plaintiff carried his burden.

It is an elementary principle of law that the plaintiff has the burden of proof on all issues necessary to establish his claim. The burden of proof is on the party having the affirmative of an issue and this burden never shifts. _Freeman v. Felts_, 208 Tenn. 201, 344 S.W.2d 550, 554 (1961). "The burden of proof rests on him who affirms, not on him who denies." _Galbreath v. Nolan_, 58 Tenn. App. 260, 429 S.W.2d 447, 450 (1967). Therefore, the defendant bears no burden of proof unless an affirmative defense is asserted. Even if an affirmative defense is asserted and there is no material evidence to support it, the plaintiff is not entitled to a judgment unless the plaintiff has carried his initial burden of proof, _i.e._, proof on all issues necessary to establish his claim. "... in any negligence case, the plaintiff must prove by a preponderance of the evidence the existence of a duty, a breach of that duty, causation and injury." _Lindsey v. Miami Development Corp._, 689 S.W.2d 856, 858 (Tenn. 1985). If the plaintiff has failed to carry his burden in this case, all other issues are moot.

The plaintiff relies heavily upon T.C.A. §§ 44-8-101, _et seq_. It appears that title 44, Section 8, Part 1, _et seq_., were adopted

5

when Tennessee was still an "open range" state.  This being the case, it was incumbent upon a landowner to have a lawful fence around his property in cultivation to keep animals out rather than in.  Before a planter or cultivator could recover damages from an owner of an animal at large, he was under a duty to establish that he had a lawful fence surrounding the damaged property.  This conclusion is reached by reading the provisions of Title 44, Chapter 8, Title 1 in para materia.  Exemplary provisions are as follows:

> **44-8-101. Land in cultivation sufficiently fenced. —** Every planter shall make and keep a sufficient fence, of ordinarily sound and substantial material, around the planter's land in cultivation, and so close, for at least two and one-half feet (2 1/2') from the surface of the earth, as to prevent hogs large enough to do damage from passing through the same.

> **44-8-107. Defense of insufficiency of fence. —** If it appears that the fence is insufficient, the owner of the animals shall not be liable to make satisfaction for the damages.

Thus, under the statutes at the time of their adoption, a landowner seeking damages from the owner of an animal, had the burden of maintaining a lawful fence.[2]  Nevertheless, however, Title 44, Section 8, Part one has some application under the

---

[2]There is an apparent exception for notoriously mischievous stock.  See T.C.A. § 44-8-109.  There are no allegations or evidence in the record in this case that the horses in question were notoriously mischievous.

6

circumstances of this case since the General Assembly by Public Acts 1947, ch. 52, § 1, now codified in T.C.A. § 44-8-401 prohibited livestock from running at large. That section provides as follows:

> **44-8-401. Livestock not to run at large - Punishment.** — (a) It is unlawful for the owners of any livestock, as the same are commonly known and defined, to willfully allow the same to run at large in this state.
>
> \*     \*     \*

The applicable Section of Title 44, Chapter 8, now codified in T.C.A. § 44-8-103 which provides as follows:

> **44-8-103. Horses, cattle, and mules sufficiently fenced.** — The following shall be sufficient and be deemed a lawful fence only as to horses, cattle, and mules: any enclosure made by stretching not less than five (5) strands of barbed wire tightly between posts firmly set in the ground, or between growing trees and posts firmly set in the ground, not more than twenty feet (20') apart; the topmost wire not less than four and one-half feet (41/2') from the ground, the bottom wire not less than six inches (6"), and the next to the bottom wire not less than fifteen inches (15") from the ground.

After the passage of the above statute, the burden of maintaining sufficient fences was placed upon the owner of livestock. The governing rule in this jurisdiction is where an owner of animals negligently allows them to run at large, he is liable for the resulting damages if proximately caused by his

7

negligence but he is not liable if an animal escapes without his fault from a pasture enclosed by a lawful fence or an ordinary fence which is usually required to restrain that particular kind of livestock.  See  Moon v. Johnston, 47 Tenn. App. 208, 337 S.W.2d 464 (1959).

The plaintiff would have us find that a violation of T.C.A. § 44-8-103 is negligence per se.  Construed in conjunction with T.C.A. § 44-8-401 and the rule stated in Moon, supra, reason dictates that such a violation cannot be negligence per se since it is optional to have a "lawful fence" or  an ordinary fence which is usually required to restrain that particular kind of livestock.[3]

In the record before us, there is evidence that the defendants did not maintain a "lawful fence" as defined in T.C.A. § 44-8-103, however, the record is completely devoid of any evidence that the corral fence was not a fence usually required to restrain horses. On the contrary, there is evidence that the defendants inspected the fence and found it suitable to contain horses.  There is no dispute about the construction of the fence.  It consisted of a split rail fence, with two rails between each post.  There is testimony by the plaintiff that the top rail of the fence was thirty to thirty-two inches high.  There was also testimony by the

---

[3]It was held that a violation of T.C.A. § 44-8-103 was not negligence per se in Rodgers v. Webb, 335 F. Supp. 584 (E.D. Tenn. 1971).

defendant McCroskey that he checked the corral and had no concerns about putting his horses there. Further, when asked if he would consider the fence a substantial fence, he responded that "I figured it would be secure enough to hold my horses." He also testified that the fence was a type of fence that might be used to corral horses in this state. This testimony is uncontroverted.

From the foregoing, it seems patently clear, that the plaintiff was neither entitled to a directed verdict nor a JNOV. On the contrary, it appears that he failed in his burden of making a prima facie case. In any event there is material evidence to support a verdict in favor of the defendants.

While the foregoing conclusion is seemingly dispositive of the case, we will nevertheless direct our attention to the issues not involving a motion for a directed verdict, JNOV or sufficiency of the evidence.

Plaintiff complains that the court erred in not permitting plaintiff to cross examine the defendant, Rodney McCroskey, relative to the non-suit he had taken on McCroskey's cross-claim against Governor John Sevier Memorial Association. We note that at the time an objection was made and sustained, plaintiff's attorney was attempting to cross examine Mr. McCroskey relative to the allegations he had made against the cross-defendant regarding

9

negligence.  No offer of proof was made.[4]  The only allegation of negligence stated in the cross-claim was "[t]hat while in the sole possession, custody and control of the association, one (1) of the cross-plaintiff's two (2) horses suffered serious injuries which were proximately caused by the negligence of the association."  He further claimed a presumption of negligence pursuant to T.C.A. § 24-5-111 pertaining to negligence of bailee.  T.C.A. § 24-5-111 provides as follows:

> In all actions by a bailor against a bailee for loss or damage to personal property, proof by the bailor that the property was delivered to the bailee in good condition and that it was not returned or redelivered according to the contract, or that it was returned or redelivered in a damaged condition, shall constitute prima facie evidence that the bailee was negligent, provided the loss or damage was not due to the inherent nature of the property bailed.

We find that these allegations are conclusory and not admissions of fact.  Assuming for purposes of argument only and without implying that it was error for the trial court to disallow plaintiff's attorney an opportunity to cross examine relative to the above allegations, it was in no way harmful to the plaintiff and thus was harmless error.  See Rule 36, Tennessee Rules of Appellate Procedure.

---

[4]We do note that in the hearing on the motion for a JNOV, the transcript reflects plaintiff's attorney's statement as to what the pleadings provided.

10

The appellant next complains of the reprimand which the court addressed to him in closing argument. According to the appellant's brief, the court sustained an objection, during final argument, when plaintiff's counsel stated that the plaintiff did not have his own property insurance. Specifically, he complains, that when the trial court sustained the objection, the trial judge stated: "I sustain the objection and Mr. Ogle, you are treading on dangerous ground." First we note that there is not a transcript of the closing arguments in the record and the appellant in his brief does not direct us to where the information can be found in the record. Secondly, we find nothing inappropriate about the admonition. It is well-settled that reference to the existence or non-existence of insurance in a negligence action is improper and may be grounds for a mistrial. In addition, there is no evidence in the record to show that the plaintiff did not have his own property insurance. In the absence of any evidence, any mention of insurance in any event would be impermissible in final argument. Plaintiff contends that the defendants opened the door to a discussion of evidence because Mr. McCroskey mentioned that he would contact his insurance company. We find this argument to be without merit. As to the reprimand, we find nothing improper about it. It is well-settled that the improper injection of the subject of insurance into a jury trial is grounds for a mistrial. The trial court was simply cautioning plaintiff's attorney to pursue the matter no further. In the case of <u>Pendleton v. Evetts</u>, 611 S.W.2d 607 (Tenn. App.

11

1981) the court specifically stated that the Trial Judge acted properly [in reprimanding an attorney] for improper conduct during final argument. In Pendleton, the court was of the opinion that the trial judge's statement would not prejudice the jury against the plaintiffs. We are of the opinion that the statements of the trial judge in this case in no way prejudiced the plaintiff. We find no merit in this issue.

The last issues presented by the appellant concern special requests for jury instructions which were denied by the court. Refusal to charge a special request is not reversible error unless the request is accurate and complete. Scarbrough v. City of Lewisburg,[5] 504 S.W.2d 377 (Tenn. App. 1973), citing Morton v. Martin Aviation Corp., 205 Tenn. 41, 325 S.W.2d 524 (1959); Jenkins v. Perry, 52 Tenn. App. 576, 376 S.W.2d 726 (1963) and authorities cited therein. The special request submitted by the plaintiff in this case, in essence, asked the trial court to charge that a violation of T.C.A. § 44-8-103 constitutes negligence per se. Having hereinbefore determined that a violation of T.C.A. § 44-8-103 is not negligence per se, we find no error in the refusal of the trial court to give the requested charge.

_____

[5]Some of the principles of law applied in Scarbrough, supra, to reach the final result in that case were modified by the Supreme Court in Tenn. Dept. Of Human Services v. Barbee, 714 S.W.2d 263 (Tenn. 1986). The principle cited in this opinion from Scarbrough was not affected.

12

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge


CONCUR:


_____
Herschel P. Franks, Judge


_____
William H. Inman, Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

MANUEL BRANCH, JR.,                    )  KNOX CIRCUIT
                                       )  C. A. NO. 03A01-9709-CV-00385
          Plaintiff-Appellant         )
                                       )
                                       )
                                       )
                                       )
                                       )
vs.                                    )  HON. DALE WORKMAN
                                       )  JUDGE
                                       )
                                       )
                                       )
                                       )
                                       )
RODNEY McCROSKEY and GOVERNOR          )  AFFIRMED AND REMANDED
JOHN SEVIER MEMORIAL                    )
ASSOCIATION,                           )
                                       )
          Defendants-Appellees         )

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

PER CURIAM